UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09-CV-910-S

CONNIE MARSHALL                                                                    PLAINTIFF

v.

JACK POTTER *et al.*                                                                DEFENDANTS

## MEMORANDUM OPINION

The plaintiff, Connie Marshall, filed this *pro se* action against Jack Potter, the Postmaster General of the Untied States Postal Service, in his individual and official capacities. She also sues the United States Postal Service. Marshall alleges:

> I am being tortured, terrorized, assaulted, property destroyed, telephones intercepted, fax machines intercepted, electrical appliances destroyed, jobs destroyed, picked up illegally and placed in jail, mail intercepted (including registered mail, federal express mail and U.S. Supreme Court mail), after ordering my birth certificate through the mail from the Bureau of Vital Statistics I received a fraudulent birth certificate in the mail, car tampered with, and I have been attacked by what I understand is microwaving over 100 times that I have documented. . . . Due to the aforementioned statements and the numerous attacks I have suffered, I fear for my life and my health and I have been seeking assistance out of state and from Washington; however my **mail** is being intercepted. In that my mail is being intercepted, I started sending all of my mail through certified, registered, express, etc., so that I could track the problems with my mail. I have even received fraudulent receipts for registered mail sent to President Barack Obama and other officials in Washington etc. . . . Ms. Marshal states that her Civil Rights, Human Rights and United States Constitutional Rights are being violated and Fraud and Waste are being committed at her expense and Respectfully Demands the Following Judgment in the amount of 6,000,000.00 (six million) Dollars against the Defendants together with her cost herein expended and interest upon such judgment at the legal rate; and any and all other proper relief to which the Plaintiff might appear to be entitled.

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the Court has a mandatory duty to screen initial filings. *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Specifically, a district court must dismiss an action that the court finds to be frivolous or

malicious or that fails to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)).  "The *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'  'Examples of the latter class,' we said, 'are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-38 (1989)).  "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Id.* at 33.

The Court has carefully reviewed the complaint.  It is comprised of precisely the type of "fantastic," "delusional" and "incredible" allegations that warrant dismissal as factually frivolous.  While Marshall no doubt sincerely believes that defendants and others are attacking her via the telephone, her thinking on these matters is delusional and paranoid.  *See Knight v. Foxworth*, No. 6:07cv70, 2007 U.S. Dist. LEXIS 61727 (E.D. Tex. Aug. 22, 2007) ("In this case, it is apparent that Knight's claims of monitoring by unseen enemies via computer, through the plumbing and air vent in his cell, are irrational and wholly incredible.").  It is clear that this Court is not the forum that can provide Marshall with the type of assistance she needs.  Her allegations are simply based on some paranoid or delusional fantasy and unsupported imaginings that the Defendant Potter and the United States Postal Service are part of a vast conspiracy against her that "increased dramatically when [she] became a victim of a hate crime in Kentucky (6) years ago and sought assistance from [her] local FBI, Police Dept. and U.S. Dept of Justice in

Kentucky [and] instead began being victimized by them." Accordingly, this action will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(I) as frivolous.

Additionally, "the Postal Service enjoys federal sovereign immunity absent a waiver." *Dolan v. United States Postal Serv.*, 546 U.S. 481, 484 (2006). "Although the Postal Reorganization Act generally 'waives the immunity of the Postal Service from suit by giving it the power to sue and be sued in its official name,' the statute also provides that the Federal Tort Claims Act (FTCA) shall apply to tort claims arising out of activities of the Postal Service." *Id.* (internal citations omitted). "The FTCA qualifies its waiver of sovereign immunity for certain categories of claims (13 in all). If one of the exceptions applies, the bar of sovereign immunity remains. . . and the relevant subsection for our purposes, pertaining to postal operations, is § 2680(b). It states: 'The provisions of this chapter and section 1346(b) of this title shall not apply to . . . any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.'" *Id.* (citing 28 U.S.C. 2680(b)). Thus, Marshall cannot maintain a tort claim against the Postal Service for failure to properly deliver her mail.

Since Marshall alleges that some of her packages were sent registered mail, she possibly could maintain a contract claim against the Postal Service. However, a plaintiff wishing to assert a contract claim under such circumstances must exhaust her remedies available under postal laws and regulations. *See Breaux v. United States Postal Serv.*, 46 F. Supp. 2d 641, 643 (E.D. Tex. 1999) (citing *Akridge v. United States Postal Serv.*, 1991 U.S. Dist. LEXIS 9006, *2, No. C-91-1290-DLJ (E.D. Calif. Jun. 6, 1991) (action under contract theory for claim regarding lost registered mail was dismissed for failure to allege exhaustion of administrative remedies available under the Domestic Mail Manual). Marshall's complaint does not allege that she

3

submitted a claim for a refund in accordance with the Domestic Mail Manual ("DMM"). The DMM, the relevant postal regulation governing registered mail, establishes procedures which a postal customer must follow in order to seek reimbursement for lost or damaged mail. *Azalam v. United States Postal Serv.*, 2007 U.S. Dist. LEXIS 25877 ( E.D. Mich. Feb. 28, 2007); *TNS Diamonds, Inc. v. USPS*, 2005 U.S. Dist. LEXIS 3247 (E.D. Pa. Mar. 3, 2005). Accordingly, even if Marshall's complaint could be read as having set forth a valid breach-of-contract claim, it would nonetheless be subject to dismissal for failure to exhaust administrative remedies.[1]

Date:

cc:  Plaintiff, *pro se*

4411.008

---

[1] It appears that Marshall completed a questionnaire regarding lost or stolen mail, but did not file an actual claim on a PS Form 1000 pursuant to the DMM.

4